HON. A. J. WILLARD, CHIEF JUSTICE.
HON. HENRY McIVER, ASSOCIATE JUSTICE.
HON. A. C. HASKELL, ASSOCIATE JUSTICE.

HEARD NOVEMBER TERM, 1878.

CASE No. 724.

### JANE CHILDERS ·v. VERNER & STRIBLING AND ELIZA A. EARLE.

1. The rule that pleading must be construed strongly against the pleader, is inconsistent with Section 182 of the code of procedure.
2. Complaint alleged that plaintiff was a laborer on land leased by M. from E., and also admitted possession and ownership to be in E., and alleged further, in a separate paragraph, that defendants improperly and illegally entered the premises rented to plaintiff by M., and gathered and hauled therefrom certain specified quantities of the crop. *Held*, on demurrer, to state facts sufficient to constitute a cause of action. McIVER, A. J., *dissenting.*

Before MACKEY, J., at Oconee, March, 1878.

The complaint is as follows:

A

The plaintiff, complaining against the defendants, John D. Verner and William J. Stribling, doing business as merchants in the towns of Walhalla and Westminster, in the state and county aforesaid, under the name, firm, and style of Verner & Stribling, and Eliza A. Earle, shows to the court as follows:

1. That on or about the      day of      , 1876, one John C. McFall and James W. Earle, agent of Eliza A. Earle, entered into a written contract of lease or rent, by which McFall obliged himself to cultivate a portion of Mrs. Earle's farm, situate in the county and state aforesaid, and lying on Changer creek, waters of Tugaloo river; and thereupon entered upon the execution of his said contract.

2. That on the 10th day of February, 1876, the said John C. McFall entered into a written contract with plaintiff and her family to work the land leased or rented from Mr. Earle, in words and figures following, to wit:

" An agreement between John C. McFall, on the one part, and Jane Childers on the other: I, John C. McFall, agree to give the said Jane Childers one-third of every part of the crop they may raise, after the rent is paid. The said McFall agrees to be at all expense for mule, tools, &c. Also, if necessary, to advance some for the said Jane Childers. Jane agrees to do the said McFall's cooking and washing extra of wages. The said Jane Childers agrees to pay for one-third of fertilizers used in making the crop. Witness our hands and seals, this February 10th, 1876.

" JOHN C. MCFALL, [L. S.]

" JANE $\times$ CHILDERS, [L. S.]
  her      mark.

" Witness: J. W. EARLE."

3. That on the      day of June, 1876, McFall abandoned the place he had leased or rented, and thereby imposed the burden of working the crop on plaintiff and her family.

4. That on the      day of      , 1876, James W. Earle, as agent of Eliza A. Earle, after the abandonment of the crop by McFall, agreed verbally to and with plaintiff to give her, in addition to her contract with McFall, a sufficiency of the crop to

make her share of the same one-half of the whole amount grown on the said premises. And plaintiff alleges that as a laborer she has a prior lien on the entire crop made on the land rented by McFall to secure her one-half thereof, as provided by the "Revised Statutes of the State of South Carolina," page 491.

5. That on the      day of      1876, defendants, Verner & Stribling, secured from McFall a lien for supplies to make his crop, and advanced to him more or less thereon—the amount and particulars of which are unknown to plaintiff.

6. That on the 10th day of October, A. D. 1876, defendants, Verner & Stribling, improperly and illegally entered the premises rented to her by McFall, gathered and hauled therefrom about one hundred bushels of corn, worth $75, and two thousand pounds of seed cotton, worth $60, making altogether $125; and to her damage beside the sum of $300.

Wherefore, plaintiff demands judgment against Verner & Stribling for the sum of $125, with interest from the 10th day of October, A. D. 1876, the value of the crop illegally taken away by them; and $300 damages sustained by her in the improper and illegal removal of the crop as aforesaid, and for the costs of this action.

The defendants, Verner & Stribling, demurred, upon the ground that the complaint did not state facts sufficient to constitute a cause of action. The defendant, Earle, answered. The demurrer was sustained, and plaintiffs appealed to this court.

*Messrs. McGowan & Thompson,* for appellant.

Facts stated are sufficient. 8 *S. C.* 103; 7 *S. C.* 290. Having no warrant from the clerk, Verner & Stribling were mere trespassers. *Gen. Stat.* 539. But even with warrant, they could not seize crop of sub-tenant upon which their supplies were not expended. And if they could take crop of McFall's sub-tenant, they could not take crop of one who had no connection with McFall, but held original lease from the land-owner. It is of no concern to defendants, mere outsiders, whether plaintiff's contract was verbal, or in writing. 6 *S. C.* 297; 8 *S. C.* 68. Plaintiff, under any view, had lien for one-third of the crop.

*Messrs. J. J. Norton* and *J. S. Verner*, for respondents.

1. Having no privity of contract with plaintiff, these defendants could not be, and are not, sued in *assumpsit*, but are sued in tort, as we suppose trespass on real estate, the severing, taking and carrying away of the crop, showing merely the amount of actual damage sustained, the ungathered crop being part of the freehold. If so, then being merely a laborer, hired to work on the premises, she cannot maintain this action. She does not even allege possession. *Chit. Pl.* *170, 175.

2. Nor can she maintain trespass against us in reference to the crop, if personalty. Its ownership was in defendant, Earle. 2 *Bail.* 581; 1 *Hill* 364. Plaintiff does not even allege, and the law will not imply, that she was in possession as bailee. *Stephens N. P.* 2637.

3. Plaintiff has no lien. She has abandoned the McFall contract. The contract with defendant, Earle, was not in writing. 8 *S. C.* 63.

4. If she has a lien, her remedy is not personal against the persons who may at some time have been in possession of the crop, but on the crop itself. *Bail.* 237; *Rev. Stat.* 491.

5. Plaintiff does not allege that defendant, Earle, has not paid her, and as she asks no judgment against that defendant, it is fair to presume that she has been paid, and this view is further strengthened by the answer of Earle, alleging that plaintiff is indebted to her.

April 23d, 1879. The opinion of the court was delivered by

HASKELL, A. J. The defendants, Verner & Stribling, demurred, on the ground that the complaint did not state facts sufficient to constitute a cause of action. The demurrer was sustained by the Circuit judge, and from that order the appeal is taken. The complaint is defective, but the question is whether the defect is substantial. The objection that the complaint does not state facts sufficient to constitute a cause of action like that to the jurisdiction of the court, may be taken at any time. *Code,* § 171; *Rev. Stat.* 605. The defect, therefore, must be of a kind that cannot be cured except by allegations in the answer, which, together with the complaint, may serve to make up a cause of

action. It is argued that the rule is that pleadings must be construed strongly against the pleader. Such a rule is expressly forbidden by Section 182 of the code, (*Rev. Stat.* 608,) which directs that "in the construction of a pleading for the purpose of determining its effect, its allegations shall be liberally construed, with a view of substantial justice between the parties."

The generally adopted rule is thus stated : " The true doctrine to be gathered from all the cases is that if the substantial facts which constitute a cause of action, are stated in a complaint or petition, or can be inferred by reasonable intendment from the matters which are set forth, although the allegations of these facts are imperfect, incomplete and defective, such insufficiency pertaining, however,. to the form rather than to the substance, the proper mode of correction is not by demurrer nor by excluding evidence at the trial, but by a motion before the trial to make the averments more definite and complete by amendment. * * * Thus, if instead of alleging the issuable facts, the pleader should state the evidence of such facts, or even a portion only thereof, unless the omission was so extensive that no cause of action at all was indicated, or if he should aver conclusions of law in place of fact, the resulting insufficiency and imperfection would pertain to the form rather than to the substance, and the mode of correction would be by a motion and not by demurrer." *Pom. on Rem.* 592–4.

The sixth paragraph of the complaint in this case is as follows : " That on the 10th day of October, A. D. 1876, defendants, Verner & Stribling, improperly and illegally entered the premises rented to her (the plaintiff) by McFall, gathered and hauled therefrom about one hundred bushels of corn, worth seventy-five dollars, and two thousand pounds of seed cotton, worth sixty dollars, making altogether one hundred and twenty-five dollars, and to her damage beside the sum of three hundred dollars." This is followed by the usual demand for judgment as against Verner & Stribling, there being no demand for judgment against the other defendant, E. A. Earle. If the sixth paragraph had been all, except the first or introductory portion of the complaint and prayer for judgment, the cause of action could have hardly been questioned. The complaint would have been to the effect that

the defendant unlawfully entered upon the plaintiff's premises and took therefrom, or rather "gathered" and removed therefrom, so much of the crop of corn and cotton, worth so much, and to the damage of the plaintiff. Those facts, certainly, constitute a cause of action. If it should be objected by the defendant that the description of the premises is not sufficiently particular, that must be done by motion, and the plaintiff be requested to amend. *Code*, § 183 ; *Rev. Stat.* 608. But the defendants argue that the plaintiff cannot claim to be the tenant in possession of the premises mentioned in the sixth paragraph, for the reason that in the preceding paragraphs she has described the land as the property of E. A. Earle, and that it was leased to McFall, and that she sets up no lease from McFall to herself ; that the contract between her and McFall (made part of Paragraph 2) gives her no right in the land, and that in Paragraphs 3 and 4 the ownership and possession are both admitted to be in E. A. Earle. All that might be so, but it is not alleged in Paragraph 6 that the premises therein mentioned are the same lands as those before described, and when parties make technical objections they may be technically met. But such is not the spirit of the new mode of procedure. Pleadings are not to be technically or rigorously construed, but with a view of substantial justice between the parties. The plaintiff, in this case, has stated facts in the sixth paragraph which constitute a sufficient cause of action. She has further, in other paragraphs, made recitals which are entirely unnecessary, but which lay open her case fully to the defendants. The demurrer seems to have been allowed upon the ground that the allegations in these other paragraphs negative the allegations in the sixth paragraph. But that proposition cannot be sustained. As evidence, those paragraphs may not be sufficient to establish the sixth ; that, however, is no evidence that the plaintiff has no other proof. But it is proper to consider those paragraphs in the light of allegations of facts to constitute causes of action, and they constitute imperfect statements of several different grounds. The plaintiff claims judgment on any of the grounds that she may establish, either as part owner of the crop, under her contract with McFall, or as laborer

in the employ of Earle, or as a bailee, or as a tenant of the premises and owner of the crop.

The defendants might have demanded separate and more distinct statements, but their demurrer cannot be allowed.

Judgment reversed. Motion granted.

WILLARD, C. J., concurred.

McIVER, A. J. As I am unable to concur in the conclusion which has been reached by a majority of the court, I will proceed to state, briefly, the reasons for my dissent.

I do not regard the objection raised by the demurrer as a technical but rather as a substantial objection. It seems to me that giving to the various allegations of the complaint the most liberal construction, as is required by the provisions of the code, it is impossible to conclude that sufficient facts are stated to give the plaintiff a cause of action. On the contrary, the facts stated show not only that the plaintiff has no cause of action, but that, assuming those facts to be true, the right of action is in the defendant, Mrs. Earle, or in McFall, if he has not abandoned his lease. If the action be regarded as an action for damages done to real estate, there is no allegation that the plaintiff had title to or possession of such real estate. So if the action be regarded as an action for damages for taking the personal property mentioned in the complaint, there is a like absence of any allegation that the plaintiff had possession of or was entitled to such personal property. On the contrary, the allegations in the complaint show clearly that the real estate and personal property referred to was the property of Mrs. Earle or of McFall, and if any wrong was done by the defendants, Verner & Stribling, it was done to Mrs. Earle or McFall, and not to the plaintiff. By the express terms of the written agreement between the plaintiff and McFall, set out in the complaint, which was afterwards adopted by Mrs. Earle, the only change being an increase in the amount to be given plaintiff, the plaintiff was a mere hireling for wages, the amount of which was fixed, not in money, but in a certain proportion of the crop, and she had no interest in or authority over the land or the crop, but only a right to claim a certain pro-

portion of the crop, or its value, as a compensation for her labor. The land, as well as the crop, was Mrs. Earle's or McFall's, and for any trespass committed upon either, the right of action was in Mrs. Earle or McFall, and not in the plaintiff. *Rogers* v. *Collier*, 2 *Bail.* 581; *State* v. *Gay*, 1 *Hill* 364; *Holcombe* v. *Townsend*, 1 *Hill* 399.

The subsequent case of *Burgess* v. *Carpenter*, 2 *S. C.* 7, is not in conflict with these cases, because, although the Circuit judge, in that case, did rest his decision upon the ground that "the contract to pay Henry Burgess a share in the crop made him a co-partner and not a servant," the Supreme Court does not place its decision upon any such ground, but upon the ground that the common law gives no right of action to the master for any injury done to the servant, except where the servant is a menial one; and that as Henry Burgers was "exclusively concerned in the cultivation of the soil and the products arising therefrom, and there being no domestic caste in the nature of his service, (which, it had been argued, was the test of menial service,) he does not fall within the class to which the term 'servant' can in any sense be applied." The case does not touch the question as to whether a person employed to cultivate a crop under a contract that his services shall be compensated by giving him a certain portion of the crop instead of a specific amount of money, is a partner or a mere employee.

I do not think the allegations contained in the sixth paragraph of the complaint, can be regarded as stating a separate cause of action. The rule is, that while a plaintiff may combine in one complaint several distinct causes of action, under certain restrictions, not necessary to be adverted to here, yet these different causes of action must be stated separately, in order that the defendant may plead to them separately, if necessary or desirable. Indeed, I do not suppose that the plaintiff intended the statement in that paragraph as an allegation of a separate cause of action, or as an allegation of facts at all, but rather as a statement of the legal conclusion which the plaintiff drew from the facts previously stated than a statement of independent facts.

I think, therefore, that the demurrer was properly sustained, and that the judgment of the Circuit Court should be affirmed.

Judgment reversed.